UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| ANTHONY WAYNE HEFLIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 5:16-CV-204-ART-HAI |
| v. | ) | |
| | ) | |
| RANDY WHITE, Warden, | ) | RECOMMENDED DISPOSITION |
| | ) | |
| Respondent. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On June 16, 2016, Petitioner Anthony Wayne Heflin filed a *pro se* petition under 28 U.S.C. § 2254 for a writ of habeas corpus. D.E. 1. Petitioner previously filed two § 2254 petitions that were dismissed by the District Court, which decisions were affirmed on appeal by the Court of Appeals for the Sixth Circuit. *See Heflin v. Smith*, No. 91-6256, 1992 WL 96344 (6th Cir. May 7, 1992); *Heflin v. Smith*, No. 88-6136, 1989 WL 36900 (6th Cir. April 19, 1989). Based upon this procedural history, Petitioner's instant petition plainly appears to be second or successive under 28 U.S.C. § 2244(b), and thus requires authorization from the Court of Appeals for the Sixth Circuit to be filed. 28 U.S.C. § 2244(b).

However, after conducting an initial review pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings, the Court ordered Respondent to file a response to Petitioner's petition limited to the timeliness of the petition and whether it is second or successive. D.E. 4. On July 20, 2016, Respondent filed a response. D.E. 7. Upon receipt of this response, the Court ordered Petitioner to show cause as to why his petition should not be dismissed or transferred to the Sixth Circuit as second or successive. D.E. 9. The Court directed Petitioner to analyze his claim under the "abuse of the writ" standard because his prior petitions were filed before the

Anti-terrorism and Effective Death Penalty Act (AEDPA). *In Re Owens*, No. 12-1909, 2013 WL 1777133, *1 (6th Cir. April 26, 2013) (citing *Cress v. Palmer*, 484 F.3d 844, 852 (6th Cir. 2007)).

Because Petitioner's current motion (D.E. 1) does not meet the "abuse of the writ" standard and is "second or successive" under § 2244(b)(3) and (4), the undersigned **RECOMMENDS** that this matter be transferred to the United States Court of Appeals for the Sixth Circuit pursuant to *In Re Sim*s, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam) and Rule 9 of the Rules Governing Section 2254 Proceedings.

## A. Abuse of the Writ Analysis

The abuse of the writ standard does "not require prior authorization from the court of appeals and allows a second [habeas] motion containing a new claim where the inmate can show cause for failing to raise [the issue in the first motion] and prejudice therefrom." *Cress*, 484 F.3d at 852 (quoting *In Re Hanserd*, 123 F.3d 922, 929 (6th Cir. 1997)) (internal quotations omitted). To determine cause courts must examine "whether the petitioner possessed, or by reasonable means could have obtained, a sufficient basis to allege a claim in the first petition and pursue the matter through the habeas process." *Id.* (quoting *McCleskey*, 499 U.S. 467, 498 (1991)). To show prejudice, "a petitioner must establish a constitutional error ... [that] had a 'substantial and injurious effect or influence in determining the jury's verdict.'" *Id.* (quoting *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994)). If Petitioner cannot establish the abuse of the writ, AEDPA can be applied in his case. *See In Re Owens*, 2013 WL 1777133, at *3.

To show adequate cause under the abuse of the writ standard, a petitioner must demonstrate that, at the time he filed his prior habeas petition, he conducted "a reasonable and diligent investigation aimed at including all relevant claims and grounds for relief . . . ."

*McClesky*, 499 U.S. at 498. The Court must evaluate whether the petitioner had or could have reasonably obtained a sufficient basis to assert the current claim in the previous petition. *Cress*, 484 F.3d at 852. Petitioner's basis for habeas relief in his most recent petition concerns a plea offer made at the trial level in connection with two indictments he faced. D.E. 1 at 5. Specifically, Petitioner asserts that he was never "apprised by counsel, the Commonwealth [or] the Court that a 5-year plea offer existed in [the burglary indictment] prior to November 2013." D.E. 1 at 5. To fully understand Petitioner's claim and whether he has shown cause for not raising this claim previously, it is necessary to briefly examine the procedural history of his case.

Petitioner was charged and tried on two separate indictments in Fayette Circuit Court. D.E. 1 at 1. The first indictment, Number 84-CR-378 ("the burglary indictment"), charged five separate counts of burglary, forgery, and receiving stolen property. *Id*. The second indictment, Number 84-CR-411 ("the rape indictment"), charged a series of rape and burglary crimes. *Id*. On July 31, 1984, the Commonwealth of Kentucky offered Petitioner a plea deal on each indictment totaling 25 years: 5 years on the burglary indictment and 20 years on the rape indictment. D.E. 1-3, 1-4. However, Petitioner elected to go to trial, was convicted, and was sentenced to serve 70 years, consisting of 21 years in the burglary case and 49 years in the rape case, to run consecutively. D.E. 1-1 at 4.

Petitioner claims that he did not know of the 5-year plea deal on the burglary indictment until November 2013 for various reasons. He claims that he had no direct access to the record, only trial transcripts, and therefore had no notice, actual or constructive, of the publicly filed plea offers. D.E. 11 at 2. Petitioner also claims that he was never notified of the plea offer for the burglary indictment and was forced to trial on the charges. *Id*. at 3-4.

3

Petitioner cannot meet the cause requirement of the abuse of the writ standard because it is clear that he could have, by reasonable means, obtained a sufficient basis to include his claim in the first petition.  The record indicates that Petitioner had knowledge of the 5-year offer on the burglary indictment.  Two plea deals were offered to the Petitioner during a pretrial hearing on July 30, 1984:  5 years on the burglary indictment and 20 years on the rape indictment.  D.E. 1-3, 1-4.  Petitioner acknowledged the existence of this 25 year deal in his Kentucky CR 59.05 petition filed in 2006 when he stated:  "Before the defendant proceeded to trial he was offered a plea bargain of 25 years on his indictment."  D.E. 7-4 at 49.  Furthermore, the Kentucky Court of Appeals found that "the parties mentioned a possible plea to the burglary indictment at the September 14, 1984, hearing" (*Id*. at 50) during which the Petitioner was present.  *Id*. at 31, 33.  Heflin does not meaningfully challenge this finding.  The record supports that Petitioner had knowledge of the plea proposal's existence.  *Id*. at 33; 35-36.

Petitioner denies he ever had access to the record (D.E. 11 at 3) as mentioned by the Kentucky Court of Appeals (D.E. 7-4 at 49), and that he only had trial transcripts he used in composing his second RCr 11.42 Motion for Vacatur in which he cited to the record and asserted that "the record [was] full of errors."  D.E. 7-3 at 85.  However, Petitioner's statement about the 25-year plea deal in his own motion and the discussions of the plea deal at the September 1984 hearing are sufficient to establish knowledge of the plea offer such that no cause exists.  Moreover, Petitioner has failed to establish that there was any barrier to him accessing the record.  He plainly could have obtained copies of the written plea proposals that were filed in the record at some point in the last 28 years.

Additionally, Petitioner's assertion that a presumption of knowledge of the plea cannot be imputed to him because there was no explicit waiver of the plea offer is erroneous.  D.E. 11 at 4-

5.  Petitioner cites *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938), for the proposition that waiver of a fundamental constitutional right, such as the right to counsel, must be intentional and explicit. This is true; however, he has provided no authority that accepting or rejecting a plea offer constitutes a fundamental right.  The trial court was not required to seek an explicit waiver from Petitioner.

Petitioner has not demonstrated cause for failing to raise this issue previously.  Because the Petitioner has not shown adequate cause under the cause and prejudice standard, it is unnecessary to examine whether he has shown prejudice.  *United States v. Frady*, 456 U.S. 152, 168 (1982).

## B.  AEDPA Procedure

AEDPA states that a court is not "required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined…on a prior application for a writ of habeas corpus . . . ."  28 U.S.C. § 2244(a).  Section 2244 (b)(2) states that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed" unless the facts underlying the claim could not have been "discovered previously through the exercise of due diligence," and such facts "would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."  28 U.S.C. § 2244(b)(2)(B).  In fact, the Court may only consider a second or successive petition once a petitioner under section 2254 first obtains filing authorization from the appropriate court of appeals.  28 U.S.C. § 2244(b)(3)(A).  If a petitioner does not first request and receive such certification, this Court lacks jurisdiction and must transfer the matter to the

United States Court of Appeals for the Sixth Circuit, per 28 U.S.C. §1631.  *See In re Bowling*, 422 F.3d 434, 440 (6th Cir. 2005);  *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

28 U.S.C. § 2244(b) does not define what constitutes a "second or successive" petition. It is clear that not every numerically second petition is "second or successive."  *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (a petition filed after a mixed petition has been dismissed before the district court has adjudicated any claim is not a second or successive petition); *Stewart v. Martinez-Villareal*, 523 U.S. 637 (1998) (a numerically second petition alleging a claim that was contained in a first petition, but dismissed as unripe, is not second or successive).  However, the Sixth Circuit has noted that a petition is second or successive if "it raises a claim that could have been raised in the first petition but was not so raised, either due to deliberate abandonment or inexcusable neglect."  *See In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006) (citing *McClesky v. Zant*, 111 U.S. 1454, 1467-68 (1991)). Any claim presented in a "second or successive habeas corpus application under section 2254" that could have been raised in an original 2254 petition is required to be raised in the first petition.

Petitioner has filed two previous 2254 petitions, and the record does not reflect proper certification from the United States Court of Appeals for the Sixth Circuit permitting Petitioner to file the instant section 2254 petition.  Petitioner attempts to convince the Court that he has shown cause under the abuse of the writ standard for not raising the issue pertaining to the plea deal for the burglary indictment in his original petition and that his instant petition should be permitted to proceed under the pre-AEDPA abuse of the writ standard.  *See In Re Owens*, 2013 WL 1777133, at *3 (applying the second or successive standard of AEDPA after defendant failed to show cause under the pre-AEDPA abuse of the writ standard).  However, as discussed above, the record reflects that Defendant had or reasonably could have had knowledge of the

plea deal on the burglary indictment but did not raise it in his first two petitions. Accordingly, he has failed to show cause and the instant petition is "second or successive." This court lacks jurisdiction over second or successive petitions unless Petitioner first obtains the permission of the United States Court of Appeals for the Sixth Circuit. 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. §1631. The petition must be transferred.

In sum, the Court finds that the instant petition is an improperly filed second or successive habeas corpus application. Therefore, the Court **RECOMMENDS** Petitioner's section 2254 petition be treated as a second or successive petition under section 2244(b)(3)(A) and thus **TRANSFERRED** to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2254 Proceedings, Rule 8(b). Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 17th day of October, 2016.

Signed By:

*Hanly A. Ingram*

**United States Magistrate Judge**